USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

    - against -

JOSE ENRIQUE SANTIAGO,

      Defendant.

00 Cr. 237 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

  Jose Enrique Santiago ("Santiago") renews his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582"). (See Dkt. No. 696.) Santiago makes three arguments in support of his renewed motion. First, Santiago maintains that he is eligible for a sentence reduction under Section 404 of the First Step Act. Second, Santiago argues that pursuant to Sentencing Guidelines Section 1B1.13(b)(6) ("Subsection (b)(6)"), there has been a change in law that constitutes an "extraordinary and compelling" reason for a sentence reduction. Finally, Santiago contends that a sentence reduction pursuant to Subsection (b)(6) is warranted based on his remorse and rehabilitation efforts while incarcerated. For the reasons discussed below, Santiago's renewed motion for compassionate release is **DENIED.**

1

## I. FIRST STEP ACT

The Court reiterates its prior holding that Santiago is not eligible for a sentence reduction under Section 404 of the First Step Act. As the Court previously explained, the Supreme Court held in Terry v. United States that individuals sentenced pursuant to the provisions of Section 841(b)(1)(C) are not eligible for relief under the First Step Act because this Section does not constitute a "covered offense." (Dkt. No. 683 at 2 (citing Terry v. United States, 593 U.S. 486, 494-95 (2021)).) Given that Santiago was sentenced pursuant to Section 841(b)(1)(C), he is not eligible for a sentence reduction under the First Step Act. (Id.)

## II. SUBSECTION (B)(6)

A. LEGAL STANDARD

Section 3582(c)(1), colloquially known as the "compassionate release" provision, permits a district court to reduce a previously imposed sentence "after considering the factors set forth in [Section 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." United States v. Amato, 48 F.4th 61, 63 (2d Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)). In turn, the Sentencing Commission promulgated Guidelines Section 1B1.13, a policy statement

2

which describes four categories of reasons that should be considered extraordinary and compelling. As relevant here, Subsection (b)(6) states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

B. CHANGE IN LAW

Santiago argues that his prior conviction under New York Penal Law 220.39 was improperly used to enhance his sentence. In support of this position, Santiago relies on United States v. Boyce, No. 21 Cr. 777, 2022 WL 2159890 (S.D.N.Y. June 15, 2022), arguing that this case is a change in law regarding the Armed Career Criminal Act ("ACCA") that constitutes an extraordinary and compelling reason for compassionate release under Subsection (b)(6).[1] (See Dkt. No. 696 at 27-29.) However, for the reasons explained below, the Court finds

---

[1] The Government argues that the Sentencing Commission exceeded its authority in promulgating Subsection (b)(6). (See Dkt. No. 706 at 7-9.) This Court recently rejected this argument and does so again here for the reasons outlined in United States v. Chavez, No. 02 Cr. 1301, 2024 WL 4850808, at *3-4 (S.D.N.Y. Nov. 21, 2024). The Court will thus consider Santiago's arguments under Subsection (b)(6).

that Santiago has not identified a relevant change in law that constitutes an extraordinary and compelling reason justifying compassionate release.

Santiago's reliance on Boyce is misplaced because the ACCA is irrelevant here. At issue in Boyce was whether the defendant was subject to the sentencing enhancement set forth in the ACCA, which subjects a person with three prior convictions for violent felonies or serious drug offenses "to a mandatory minimum sentence of fifteen years if convicted of possessing a firearm or ammunition that has been transported in interstate commerce." Boyce, 2022 WL 2159890, at *1. But as this Court has explained in prior orders, the ACCA applies only to defendants who are convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (See Dkt. Nos. 600, 606.) Santiago was not convicted of being a felon in possession of a firearm and thus the ACCA does not apply in this case. (See id.)

Nor did Santiago receive an enhanced sentence based on his prior criminal history. This Court previously explained that although the Court found that Santiago was a career offender within the meaning of Guidelines Section 4B1.1, the career offender guideline ultimately did not affect Santiago's sentence for two reasons: (1) his criminal history

4

would have placed him in criminal history category VI even without application of Section 4B.1, and (2) the Court calculated Santiago's offense level without consideration of Guidelines Section 4B1.1. (See Dkt. No. 606 at 2-3.)

Santiago does not identify any other basis for how his prior conviction under New York Penal Law 220.39 enhanced his sentence.[2] Thus, it appears that Santiago generally takes issue with the Court's calculation of his criminal history at sentencing. However, Santiago may not challenge the validity of his underlying sentence in the context of a Section 3582 motion. See Amato, 48 F.4th at 65 (listing cases). Such a challenge must be raised in a motion pursuant to 28 U.S.C. § 2255, which is "a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences." Jones v. Hendrix, 599 U.S. 465, 473 (2023). Ultimately, a defendant cannot evade this collateral review structure by attacking the validity of his sentence through Section 3582. Amato, 48 F.4th at 65.

---

[2] Although Santiago insists that the Court reexamine his sentence because the court in Boyce found that the term "narcotic drug" used in New York Penal Law 220.39(1) and New York Penal Law 220.16(1) was not a categorical match for the term "controlled substance" in 21 U.S.C. § 802, the Court cannot discern how this argument is relevant to a reevaluation of Santiago's sentence. In Boyce, the district court analyzed whether the state law offenses qualified as "serious drug offenses" under the ACCA. See Boyce, 2022 WL 2159890, at *1-2. But as explained above, the ACCA is not applicable here.

5

C. REHABILITATION

Santiago maintains that a sentence reduction is warranted because he is remorseful of his past actions, accepts full responsibility of his criminal conduct, and has engaged in all available programs to improve himself while incarcerated. (Dkt. No. 696 at 21-22.) Rehabilitation is not, by itself, sufficient to constitute an extraordinary and compelling circumstance, though "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d); see also 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

The Court commends Santiago's rehabilitative efforts. However, the Court declines to grant this compassionate release motion based on rehabilitation alone given the Court's earlier finding that Santiago's other bases for relief do not amount to extraordinary or compelling circumstances. See United States v. Rosario, No. 96 Cr. 126-23, 2024 WL 3521851, at *8 (S.D.N.Y. July 24, 2024). See also United States v. Muyet, No. 95 Cr. 941, 2024 WL 2830825, at *5 (S.D.N.Y. June 3, 2024) ("Simply put, the evidence of

6

rehabilitation offered by Defendant does not, alone or in combination with all other relevant considerations, establish extraordinary and compelling reasons for a reduction in his sentence."); United States v. Raposo, No. 98 Cr. 185, 2024 WL 165195, at *9 (S.D.N.Y. Jan. 16, 2024) ("And given the Court's findings that [the defendant's] other arguments do not constitute extraordinary and compelling reasons, even evidence of complete rehabilitation cannot suffice.").

Although Santiago has served at least 10 years of his 70-year sentence, Santiago fails to meet the extraordinary and compelling reason criteria under Subsection (b)(6) required for compassionate release.

D. SECTION 3553(A)

Although Santiago received a lengthy sentence and has already served a long time in prison, his compassionate release now would not be consistent with Section 3553(a) and the aims of his original sentence. See United States v. Wilson, No. 13 Cr. 777, 2025 WL 89296, at *6 (S.D.N.Y. Jan. 14, 2025). These considerations include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the needs "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,"

7

"to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Santiago committed a very serious crime. Santiago was the leader of the Thief David's Crew, which conducted large-scale narcotics trafficking for several years and used violence in furtherance of such trafficking, including murder. (See Dkt. No. 604 ¶¶ 35-37.) In the lead up to trial, Santiago attempted to dissuade individuals who had witnessed members of his crew commit violent acts from cooperating with law enforcement authorities. (Id. ¶ 57.) Santiago also offered a confidential informant approximately $5,000 to falsely testify against one of the charged co-defendants to cover up a shooting involving the Thief David's Crew. (Id. ¶ 37.) Moreover, Santiago had ten prior convictions for larceny, drug possession and sale, assault, reckless endangerment, and witness tampering, with the Presentence Report noting that "[t]his defendant has apparently failed to adjust, despite prior periods of incarceration and parole supervision." (Id. at 30.)

The Court properly weighed the Section 3553(a) considerations at sentencing. The sentence was intended not only to specifically deter and protect the public from

8

Santiago, but also to express the gravity of the crime and to send a message of general deterrence. Those latter two functions would be undermined by Santiago's release at this date.

### III.  ORDER

Accordingly, it is hereby

**ORDERED** that the renewed motion of defendant of Jose Enrique Santiago ("Santiago") for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 696) is **DENIED**.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 696. The Clerk of Court is also respectfully directed to mail a copy of this Decision and Order to Jose Enrique Santiago, Register Number 49019-054, FCI Berlin, PO Box 9000, Berlin, NH, 03570, and note service on the docket.

**SO ORDERED.**

Dated:   21 February 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.

9